1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER, | CASE NO. 1:09-cv-00576-YNP SMS (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| W. J. SULLIVAN, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

### I.   Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

   **A.    Summary of Complaint**

Plaintiff is currently housed at California State Prison Corcoran. The events giving rise to the claims at issue in this action allegedly occurred at California Correctional Institution Tehachapi (CCI). Plaintiff names as defendants the following individuals: Warden W.J. Sullivan; Chief of Inmate Appeals N. Grannis' Chief Deputy Warden F. Gonzalez; Sergeant Noyce; Dr. McConnell; MTA Tony; Correctional Officer (C/O) Allison; C/O Miller; C/O Williams; John Doe 1 and John Doe 2.

The allegations in this case stem from Plaintiff's visual impairment, and a fall suffered by Plaintiff. Upon Plaintiff's arrival at CCI in October of 2003, Plaintiff was evaluated by a physician and diagnosed as visually impaired. Plaintiff was issued a lower tier chrono, (Compl., ¶ 14). Plaintiff alleges that, prior to his fall in 2006, he personally handed to Defendant Allison a CDCR Form 602, an inmate grievance. Plaintiff was housed on an upper tier, and requested a lower tier assignment. Defendant Allison "choose not honor my complaint or chrono. Plaintiff informed Defendant Allison that he received said chrono months ago. I was told that he would check into my chrono and ground cell. (Compl., ¶ 15). Plaintiff alleges that, as a result of being left on the top tier, he fell.

Plaintiff alleges that he explained to Defendant Williams "that I'm visually impaired and

need a ground level cell." She advised Plaintiff that C/O Allison had 15 days to respond to the grievance. On August 8, 2006, Plaintiff "wrote several 602s and inmate request forms" regarding a lower tier assignment. Plaintiff wrote an "inmate request" addressed to Lt. Bryant, styled as " a emergency request form and 602." Plaintiff alleges that Defendants Williams, Bryant and Allison disregarded the regulations and Plaintiff's complaints. (Compl., ¶ 17).

On August 10, 2006, while being escorted down the stairs, Plaintiff alleges that the "correctional officers" failed to "provide adequate escort by holding Plaintiff's biceps or arm while under escort." Upon reaching the last step, Plaintiff fell, landing on the ground. Plaintiff alleges that Defendants Williams, Miller and Allison laughed at Plaintiff. After 5 minutes, medical personnel responded, and Plaintiff was escorted to a wheelchair. Defendants Noyce and John Doe intimated that Plaintiff deliberately fell, and told Plaintiff he should have fell from the top of the stairs. (Compl., ¶ 19).

Plaintiff was taken to "the medical area," and waited in a holding cage for approximately 4 hours until he was seen by a Medical Technical Assistant (MTA). Plaintiff was eventually seen by Dr. McConnell, who prescribed pain medication and ordered an x-ray. Plaintiff was to return in two weeks. (Compl., ¶ 22).

Plaintiff was placed in a different housing unit, in a single cell on ground level. Plaintiff alleges that the next day, August 11th, Defendant Noyce retaliated against Plaintiff by threatening Plaintiff with placement in a management cell or loss of his property if he did not accept a cellmate or a cell move. Plaintiff does not allege where he would be moved to, or if he was actually moved by Defendant Noyce.(Compl., ¶ 23).

**B.    Eighth Amendment Claims**

**1.    Deliberate Indifference**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S.

3

825, 834 (1994) (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", <u>Id.</u> (quoting <u>Wilson</u>, 501 U.S. at 298).  The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities".  <u>Id.</u> (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.  <u>Id.</u> (quoting <u>Wilson</u>, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety".  <u>Id.</u> at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id.</u>

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."  <u>Farmer</u>, 511 U.S. at 837.

The court finds that as to Defendants Allison, Williams and Bryant, Plaintiff has alleged facts indicating that these defendants were deliberately indifferent to a threat to Plaintiff's safety, resulting in injury to Plaintiff.

As to the supervisory defendants, A supervisor may be liable under § 1983 only if there exists either "'(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"  <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991)(quoting <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989)); see also <u>MacKinney v. Nielsen</u>, 69 F.3d 1002, 1008 (9th Cir. 1995).  Plaintiff has not alleged any facts indicating that any of the supervisory defendants

knew of and disregarded a serious risk to Plaintiff's safety.  Supervisory defendants may not be held liable based upon their supervisory status.  Plaintiff must allege facts indicating their personal involvement.  Plaintiff has failed to do so here.

As to the remaining defendants, under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  Hydrick, 500 F.3d at 987.  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).   Plaintiff must link defendants to acts or omissions that violated Plaintiff's federal rights.

**III.   Conclusion and Order**

Plaintiff's complaint states claims under the Eighth Amendment against Defendants Williams, Bryant and Allison for deliberate indifference.   Plaintiff has failed to state a claim as to the remaining defendant.  The court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff three summonses and three USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but

must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  With respect to defendants like Warden Sullivan, "there is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'"  Id. at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

   b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Williams, Allison and Bryant for deliberate indifference.

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   February 18, 2010**                    **/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE