# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD EUGENE BENDER,<br><br>  Plaintiff,<br><br>  v.<br><br>ALLISON, et al.,<br><br>  Defendants.<br>_____/ | CASE NO.  1:09-cv-00576-MJS (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE<br><br>CLERK SHALL CLOSE CASE |

**ORDER**

Plaintiff Floyd Eugene Bender ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to Magistrate Judge Jurisdiction on April 21, 2009.  (ECF No. 5.)

On August 10, 2010, Defendants filed a Motion to Dismiss. (ECF No. 10.) Because Plaintiff failed to file any response within twenty-one days, the Court Ordered him to file an opposition or statement of non-opposition before October 1, 2010.  (ECF No. 25.)  The Court warned Plaintiff that failure to comply would result in his action being dismissed for failure to prosecute.  On September 20, 2010, Plaintiff filed a Motion for Continuance

asking for additional time to file his opposition to Defendants' Motion to Dismiss. (ECF No. 26.) The Court granted Plaintiff's motion and ordered Plaintiff to file his response or request additional time no later than December 1, 2010. (ECF No. 27.) Plaintiff has filed nothing since.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>Id.</u> (citation omitted).

This action, which has been pending since early 2009, cannot simply remain idle on the Court's docket; but neither can it proceed further without Plaintiff's cooperation and compliance with court orders. <u>Id.</u> Certainly, the Court and the public have an interest in having litigation resolved expeditiously, and there is inherent prejudice to Defendants when a claim is left hanging over them indefinitely. The Court would rather have this matter resolved on the merits, but Plaintiff's non-responsiveness has prevented that. Based on Plaintiff's failure to comply with or otherwise respond to the Court's Order, the Court will dismiss the action for failure to prosecute.

Accordingly, the Court HEREBY ORDERS that this action be DISMISSED, with prejudice, for failure to prosecute. In re PPA, 460 F.3d at 1226; Local Rule 110.

The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   February 14, 2011              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE